UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-16- |
| SUBODHKUMAR BHAKTA | § | |
| BHAVNA BHAKTA | § | |
| Defendants | § | 16CR0394 |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
(Conspiracy to Make False Statements in Loan Applications, 18 U.S.C. § 371)

A.  **The Defendants**

At all times material to this Indictment:

1. **SUBODHKUMAR BHAKTA, ("S. BHAKTA")** was a resident of Grey, LA, and he owned sixty-two (62) percent of Alvin Hospitality, Inc., dba Holiday Inn Express, a hotel located in Alvin, Texas. He was the guarantor for a Small Business Administration 504 loan which was approved in the approximate amount of $1.5 million.

2. **BHAVNA BHAKTA, ("B. BHAKTA")**, was a resident of Alvin, TX, and she owned a minor interest (19 percent) in Alvin Hospitality, Inc., dba

1

Holiday Inn Express. She was the manager and operator of the hotel. The Bhaktas are related as brother and sister.

B. **The Agencies and Businesses**

3. **The United States Small Business Administration ("SBA")** was an agency of the federal government created to aid, counsel, assist, and protect the interests of small businesses. Through partnerships with public and private organizations, the SBA assisted American business owners in starting, building, and growing small businesses.

4. One of the ways in which SBA helped small businesses was through the "SBA 504 Loan Program." Businesses that qualified for this program could receive financing on favorable terms for major fixed assets, such as real estate and equipment. When applying for an SBA 504 loan, a representative of the small business was required to submit certain documents to SBA related to the project, including proposals, quotes, estimates or bids showing the project's cost. The borrower also was required to submit evidence of an equity injection, that is, the borrower is required to contribute a portion of his/her personal resources to obtain the total loan amount. If the equity injection comes from any other source than the borrower's personal funds, those funds would have a direct effect on the "net worth" of the borrower, and, therefore, the borrower would be

required to disclose to the lender and the SBA the source of the funds. Such a disclosure would have an influence on the lender's decision to fund the loan. Moreover, the borrower was required to certify that all information in the Application for Section 504 Loan form (SBA Form 1244), including exhibits, was true and complete.

5. **The Houston-Galveston Area Local Development Corporation** was a nonprofit corporation set up to contribute to the economic development of its community. Community Development Corporations (CDCs) work with the SBA and private-sector lenders to provide financing to small businesses through the CDC/504 loan program, which provides growing businesses with long term, fixed-rate financing for major fixed assets, such as land and buildings.

6. **Plains State Bank**, located in Humble, TX, was then insured by the Federal Deposit Insurance Corporation (FDIC).

C. **The Conspiracy**

7. Beginning in or about late 2008, the exact date being unknown, and continuing until December 31, 2012, in the Houston Division of the Southern District of Texas, and elsewhere,

**SUBODHKUMAR BHAKTA**
**and**
**BHAVNA BHAKTA**

defendants herein, did knowingly and intentionally, combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit and aid and abet in the commission of the following offense against the United States:

    a. To knowingly make false statements and reports, for the purpose of influencing the action of a financial institution (as defined by Title 18, United States Code, § 20), Loan Application Fraud in violation of Title 18, United States Code, § 1014.

**D.**    <u>**The Manner and Means**</u>

8. It was a part of the conspiracy that:

**B. BHAKTA and S. BHAKTA** sought to borrow approximately $6.6 million from Plains State Bank and other financial institution to finance a Holiday Inn Express hotel in Alvin, TX. Plains State Bank was then insured by the Federal Deposit Insurance Corporation (FDIC).

9. It was further part of the conspiracy that the defendant **B. BHAKTA** was the original majority shareholder in Alvin Hospitality, Inc., but she lacked the credit and collateral needed by the bank to qualify for the loan.

10. It was further part of the conspiracy that **S. BHAKTA** became the majority owner and guarantor, and Plains State Bank, with the financial assistance of the Houston-Galveston CDC (SBA 504 loan), and others,

4

loaned Alvin Hospitality, Inc. approximately $6.6 million. Approximately $1.3 million was required of the defendants as their personal equity injection to qualify for the loan.

11. It was further part of the conspiracy that the defendants presented false and misleading documents to the lending institutions whose purpose was to disguise the true source of their personal resources to meet the equity injection requirement to qualify for an SBA loan.

12. It was further part of the conspiracy that in less than one year after the approval of the loan, the defendants defaulted on the loans by failing to make payments as promised. The loan was liquidated in or about September 2010, causing SBA to suffer a loss of over $1.46 million.

E.  **The Overt Acts of the Conspiracy**

In furtherance of the conspiracy, and to effect the objects thereof, the defendants committed the following overt acts, among others:

1. On May 5, 2008, **B. BHAKTA** caused a deposit of $100,000.00 to be made into the Alvin Hospitality, Inc. bank account from a check written by A.K., which was made payable to Alvin Hospitality, Inc.

2. On or about May 16, 2008, **B. BHAKTA** caused a deposit of $196,000.00 check written by A.K., to be deposited into the account of R&D Hospitality Management, Inc.

3. On May 7, 2009, the defendants, caused to be submitted, a Demand Promissory Note produced by A.K. This note, dated March 1, 2006, stated that the aforementioned $196,000.00 was a repayment of debt that A.K. had owed to defendant **B. BHAKTA**.

4. On May 7, 2009, the defendants, caused to be submitted, an Affidavit of Fact, signed by A.K. which read "I, A.K., do hereby certify and swear that the check #7308 that I wrote to Alvin Hospitality, in the amount of $196,000 represented repayment of debt owed to **B. BHAKTA**. I borrowed the funds from her in March, 2006. Again, those funds paid in 2008 represented repayment of that debt."

5. From on or about June 29, 2009 to June 15, 2010, the defendants deposited approximately $281,822.00 into A.K.'s bank account towards the repayment of the above referenced loans.

6. On or about January 22, 2009, after the date of all borrowed equity injection, defendant **S. BHAKTA** submitted a Personal Financial Statement via SBA Form 413, which is designed to outline an individual's assets and liabilities. **S. BHAKTA** represented to the SBA that he only owed $9,180.00 in liabilities, and failed to disclose $320,000.00 that he borrowed from various sources.

6

7. On May 21, 2009, defendant **S. BHAKTA** signed a Guarantor's Certificate, with the purpose of inducing Plains State Bank to make the loan. The defendant failed to disclose any adverse changes in his financial condition.

8. On or about April 17, 2014, defendant **B. BHAKTA** denied that she saw the Affidavit of Fact that A.K. signed concerning a loan. Defendant indicated she did not know why A.K. would sign the document.

9. On or about March 13, 2014, defendant **S. BHAKTA**, admitted that money borrowed from family and friends was used as equity injection to secure the loan from Plains State Bank and the SBA.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (False Statement on a Loan Application, 18 U.S.C. § 1014)

On or about May 7, 2009, in the Southern District of Texas, Houston Division, the defendant,

**SUBODHKUMAR BHAKTA**

did knowingly make a false statement or report for the purpose of influencing the action of Plains State Bank, a financial institution insured by the Federal Deposit Insurance Corporation, by falsely representing in check no. 713 in the approximate amount of $320,000.00 as part of a cashier's check in the total approximate amount

of $705,000.00, to the bank that this amount was his personal equity injection to obtain a loan, when in truth and in fact, as the defendant well knew, the source of the funds were loans that he made with numerous individuals and were not his own personal funds, a fact not disclosed to Plains State Bank or the Small Business Administration.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT THREE
### (False Statement on a Loan Application, 18 U.S.C. 1014)

On or about May 7, 2009, in the Southern District of Texas, Houston Division, the defendant,

### BHAVNA BHAKTA

did knowingly make a false statement or report for the purpose of influencing the action of Plains State Bank, a financial institution insured by the Federal Deposit Insurance Corporation, by falsely representing in check no. 117 in the approximate amount of $100,000.00, to the bank that this was her personal equity injection to obtain a loan, when in truth and in fact, as the defendant well knew, the funds were given by an individual known to the Grand Jury as A.K. as a loan to her and the funds were not her personal funds, a fact not disclosed to Plains State Bank or the Small Business Administration.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR
### (False Statement on a Loan Application, 18 U.S.C. 1014)

On or about May 7, 2009, in the Southern District of Texas, Houston Division, the defendant,

### BHAVNA BHAKTA

did knowingly make a false statement or report for the purpose of influencing the action of Plains State Bank, a financial institution insured by the Federal Deposit Insurance Corporation, by falsely representing check no. 7308 in the approximate amount of $196,000.00, to the bank that this was her personal equity injection to obtain a loan, when in truth and in fact, as the defendant well knew, the funds were given by an individual known to the Grand Jury as A.K. as a loan to her and the funds were not her personal funds.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FIVE
### (False Statement on a Loan Application, 18 U.S.C. 1014)

On or about May 7, 2009, in the Southern District of Texas, Houston Division, the defendant,

### BHAVNA BHAKTA

did knowingly make a false statement or report for the purpose of influencing the action of Plains State Bank, a financial institution insured by the Federal Deposit Insurance Corporation, by causing A Demand Promissory Note to be submitted which falsely represented to the bank that an individual known to the Grand Jury by the name of A.K. owed the defendant $196,000.00; when in truth and in fact, as the defendant well knew, she borrowed the funds from A.K. and she used the Demand Promissory Note to disguise the fact that the money was not her personal funds.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SIX
### (False Statement on a Loan Application, 18 U.S.C. 1014)

On or about May 21, 2009, in the Southern District of Texas, Houston Division, the defendant,

**SUBODHKUMAR BHAKTA**

did knowingly make a false statement or report for the purpose of influencing the action of Plains State Bank, a financial institution insured by the Federal Deposit Insurance Corporation, by submitting A Guarantor's Certificate in which any changes in the borrower's financial condition was to be disclosed; however, the defendant did not disclose that he owed approximately $320,000.00 as loans to other

individuals, when in truth and in fact, as the defendant well knew, that he represented to the bank that the funds were his personal funds to obtain a loan from the bank.

In violation of Title 18, United States Code, Sections 1014 and 2.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

Quincy L. Ollison
Assistant United States Attorney